IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| XYLIE ESHLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1123-JDT-egb |
| ) | |
| GANNETT CO., ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING OBJECTION,
ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 14, 2015, the *pro se* Plaintiff, Xylie Eshleman, filed a civil complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* on May 15, 2015. (ECF No. 5). Plaintiff filed an amended complaint on December 28, 2015. (ECF No. 8.) On July 11, 2016, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss the case *sua sponte*. (ECF No. 10.) Plaintiff filed a timely objection on July 25, 2016. (ECF No. 11.)

Plaintiff sues the Gannett Co., identified in the complaint as the parent company of the Jackson Sun newspaper. Jurisdiction is based on diversity of citizenship. (ECF No. 1 at 2.) In the original complaint, Plaintiff asserted claims against Gannett for libel per se, false light invasion of privacy, intentional infliction of emotional distress, theft of property, fraud, fraud by inducement, breach of contract, inciting libel, negligence and trespass. (*Id.* at 1, 3-4.) However, the amended

complaint is designated, at the top of each page, a "[c]laim for debt in place of original tort complaint." (ECF No. 8.) Thus, the amended complaint is intended to supersede the original complaint. In that amended pleading, consisting of a fifty-four-page complaint, thirteen pages of exhibits and a one-page affidavit, Plaintiff contends that Gannett has admitted liability for the alleged "trespass" against her but has refused to pay the itemized bills she sent them detailing the debt. She "requires" the court "to enforce my self-executing contract and charge Gannett $44,000,000 for 22 unauthorized uses." (*Id.* at 3.)

In the R&R, Magistrate Judge Bryant found that the amended complaint is frivolous. In her objection, Plaintiff complains that the Magistrate Judge issued almost identical R&Rs in her pending cases and made an inadvertent "cut and paste" error one of the other cases.[1] It is stated, "[t]he magistrates [sic] order to dismiss did not provide one statement not consistent with dishonor and was actually vague and frivolous." (ECF No. 11 at 1.) Plaintiff then states she is "giving notice of dishonor and dishonoring the honorable magistrate's presentment order to dismiss" and that he is "dishonoring any rule against me." (*Id.*)

Nothing in Plaintiff's objection warrants rejecting Magistrate Judge Bryant's conclusion. The Court has reviewed the amended complaint and finds it is nonsensical and frivolous. Accordingly, Plaintiff's objection is DENIED. The Court ADOPTS the R&R and DISMISSES this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Plaintiff files a notice of appeal, she must also pay the

---

[1] The R&R in this case contains no such errors.

entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE